[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner has filed a petition for writ of habeas corpus attacking the legality of his confinement because he is ineligible to apply for supervised home release (SHR) status.
On May 11, 1990, the petitioner was sentenced, after guilty pleas, to a total effective sentence of fifteen years, execution suspended after ten years on one count of possession of narcotics with intent to sell, in violation of C.G.S. Section 21a-278 (b) and two counts of assault second degree with a firearm, in violation of C.G.S. Section 53a-60a(a). All three offenses for which the petitioner was sentenced occurred in 1988 (Petitioner's Exhibits A, B and C).
At the time of the commission of these offenses, the petitioner was not barred by statute or department of correction policy from transfer to an approved community residence under C.G.S. Section 18-100 (e). Public Act 89-383
amended C.G.S. Section 18-100b to eliminate from eligibility for such transfer those persons convicted of violating C.G.S. Section 21a-278. Also, in June 1989, the department policy was modified pertaining to eligibility for SHR to conform to the changes in eligibility soon to be wrought by P.A. 89-383. Thus, the petitioner is ineligible for transfer to SHR by statute and by department policy.
Before the taking of testimony, the petitioner withdrew other claims leaving as the sole allegation of illegal confinement the "retroactive" application of P.A. 89-383 and the modification of department policy so as to render him ineligible for transfer to SHR. He asserts that such a retrospective effect violates the ex post facto clause of the federal constitution. The respondent counters that the habeas court lacks subject matter jurisdiction over the complaint and, in the alternative, that the public act and policy change do not offend the ex post facto clause. CT Page 7022
The Court, as it must, addresses the question of lack of subject matter jurisdiction first. In Vincenzo v. Warden,26 Conn. App. 132 (1991), our Appellate Court held that, where no liberty interest is implicated by a petitioner's claim, the habeas court lacks subject matter jurisdiction, Ibid., p. 133. That Court noted that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody," Ibid., p. 137. In order for a claim of illegal detention to be cognizable in a habeas action, it must concern a constitutionally or statutorily created liberty interest, Ibid., p. 138. The Court went on to hold that a prisoner has no such liberty interest in parole release, Ibid., p. 143.
Therefore, the issue becomes one of determining whether the petitioner has a liberty interest in being eligible for SHR. Our state Supreme Court has partially resolved this issue. In Asherman v. Meachum, 213 Conn. 38 (1989); at p. 49, that Court held that a prisoner has no constitutionally derived liberty interest in SHR. Home release status does not confer upon a prisoner a constitutionally protected liberty interest, Ibid., p. 47. The Court found that SHR most closely resembles the status of a prisoner confined in a correctional institution, Ibid., p. 48, and that "for a person on home release status . . . supervision, as a matter of law, continues to be vested in the department of correction, just as it does for any incarcerated inmate," Ibid. The Court analogized the transfer to SHR to the circumstance of a prisoner being transferred from one correctional institution to another. No prisoner has a constitutionally created liberty interest in SHR. Thus, no prisoner has a constitutionally created liberty interest in eligibility for SHR.
The petitioner makes no claim to a statutorily conferred liberty interest in eligibility for SHR. In fact, the petitioner makes the opposite argument, i.e. that the statutory and regulatory scheme deprives him of a chance for SHR. It should be kept in mind that the petitioner in the Asherman case, supra, had already been transferred to SHR and was contesting his transfer back to an institutional setting. In the instant case the petitioner was sentenced afterP.A. 89-383 and the policy modifications were in effect. It would be difficult for the petitioner to argue that a protected liberty interest was created by a previous statute or policy not in effect when he was convicted of the offenses.
In summary, a transfer to SHR is merely a transfer of a sentenced prisoner from one place of confinement to another CT Page 7023 which carries with it no constitutional or statutory liberty interest. The petitioner's liberty interests were extinguished by his conviction and sentencing, and no new liberty interest in SHR is created. Having no constitutional nor statutory liberty interest in eligibility for SHR, this habeas court lacks subject matter jurisdiction, Vincenzo v. Warden, supra.
Therefore, the petition is dismissed.
BY THE COURT, HON. SAMUEL J. SFERRAZZA Superior Court Judge